UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JESUS CERVANTES GARZA and | § | |
| JOSE CERVANTES GARZA | § | |
| | § | |
| v. | § | CAUSE NO._____ |
| | § | |
| EDWARD LEON DOUGLAS, Jr. and | § | |
| UNITED GLOBAL EXPEDITED SERVICES | § | |
| INC. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Jesus Cervantes Garza and Jose Cervantes Garza file this original complaint and asks the Court to enter judgment against Defendants Edward Leon Douglas, Jr., and United Global Expedited Services Inc.

### I. NATURE OF ACTION

1.  This lawsuit is brought to recover damage resulting from a two tractor/trailer collision which occurred on August 5, 2014 in Orange County, Texas. The collision occurred when Edward Leon Douglas, Jr., who worked for United Global Expedited Services Inc., rammed his tractor into the back of the tractor/trailer driven by Jesus Cervantes Garza and occupied by Jose Cervantes Garza. As a result of collision, Jesus and Jose Cervantes Garza suffered injuries.

### II. JURISDICTION & VENUE

2.  This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interests and costs.

3.  Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas. Specifically, the vehicle accident giving rise to the claims occurred in Orange County—the Eastern District of Texas.

### III. PARTIES

4. Plaintiff Jesus Cervantes Garza resides in Monterrey, Mexico.

5. Plaintiff Jose Cervantes Garza resides in Monterrey, Mexico.

6. Defendant Edward Leon Douglas, Jr., is a natural person that resides at 4130 1 Hwy, Grant, Florida, 32949. Defendant Edward Leon Douglas, Jr. may be served with process by serving him at 4130 1 Hwy, Grant, Florida, 32949.

7. Defendant United Global Expedited Services Inc. is a foreign corporation that regularly conducts business in Texas. United Global Expedited Services Inc. may be served with process by serving its agent for service of process, Carlyle Anderson, Jr., 177 Copenhaver Ave. NE, Palm Bay, Florida, 32907.

### IV. FACTUAL BACKGROUND

8. On or about August 5, 2014, Defendant Edward Leon Douglas, Jr., was driving a single unit tractor east on Interstate Highway 10 through Texas. The tractor was owned by Defendant United Global Expedited Services Inc. Defendant Edward Leon Douglas, Jr., worked for Defendant United Global Expedited Services Inc.

9. At 3:40 in the morning, in the eastbound lane of Interstate Highway 10 a little past mile marker 865, Defendants' tractor started to swerve in and out of a single lane of traffic. Defendants' tractor also was accelerating and speeding in excess of the posted speed limit. Defendants' tractor then collided into the rear portion of a tractor-trailer combination that was traveling east on Interstate Highway 10 in the right-hand lane and occupied by Plaintiffs.

10. At the time of the collision, Plaintiff Jesus Cervantes-Garza was driving the tractor-trailer struck by Defendants. Plaintiff Jose Cervantes Garza was sleeping in the upper-bunk of the sleeper berth at the time of the collision. Plaintiffs both suffered personal injuries as a result of the collision.

## V. EDWARD LEON DOUGLAS, JR.

**A. Negligence**

11. At the time of the collision, Defendant Edward Leon Douglas, Jr., was operating his tractor negligently. Defendant Edward Leon Douglas, Jr., owed a duty to Plaintiffs to operate his tractor reasonably and prudently. Defendant Edward Leon Douglas, Jr., breached that duty in one or more of the following ways:

   a. Failing to timely apply brakes;

   b. Failing to drive at the posted speed limit;

   c. Driving at a rate of speed that was unreasonable for the highway;

   d. Failing to maintain a proper lookout;

   e. Failing to turn vehicle in an effort to avoid the collision;

   f. Driving his tractor at a rate of speed that a reasonably prudent truck driver would not have driven under the same or similar circumstances;

   g. Failing to yield the right of way;

   h. Running into the back of Plaintiffs' tractor/trailer;

   i. Failing to control speed;

   j. Driving carelessly;

   k. Failing to pay attention to other vehicles on the road;

   l. Following Plaintiffs' tractor/trailer to closely;

   m. Violating the Federal Motor Carrier Regulations, Title 49, Code of Federal Regulations, Parts 40, 380, 382, 385, 386, 387, 390 - 393, and 395 – 397; and/or

   n. Operating the vehicle in an unsafe manner.

12. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages which form a basis of this action.

## VI. United Global Expedited Services Inc.

### A. Respondeat Superior

13.    At the time of the collision in questions, Defendant Edward Leon Douglas, Jr., was working in the course and scope of its employment with Defendant United Global Expedited Services Inc. Therefore, Defendant United Global Expedited Services Inc. is legally responsible for the negligence of Defendant Edward Leon Douglas, Jr. under *respondeat superior*.

### B. Negligent Entrustment

14.    Defendant United Global Expedited Services Inc. negligently entrusted its vehicle to Defendant Edward Leon Douglas, Jr.  Defendant Defendant Edward Leon Douglas, Jr., was incompetent and/or a reckless driver.  Defendant United Global Expedited Services Inc. knew or should have known that Defendant Edward Leon Douglas, Jr., was incompetent and/or a reckless driver before they let him drive its tractor/trailer.  Defendant United Global Expedited Services Inc. knew or should have known that Defendant Edward Leon Douglas, Jr., was incompetent and/or a reckless driver after it let Defendant Edward Leon Douglas, Jr., drive its tractor/trailer but before the collision of August 5, 2014. Defendant Kyle Defendant Edward Leon Douglas, Jr., was negligent, as described above, at the time of the collision.  Defendant Kyle Defendant Edward Leon Douglas, Jr., negligence singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Plaintiffs which form a basis of this action.

### C. Negligence

15.    At the time of the collision, Defendant United Global Expedited Services Inc. was a motor carrier as defined by the Federal Motor Carrier Regulations, Title 49, Code of Federal Regulations. Defendant United Global Expedited Services Inc. owed a statutory and common-law to Plaintiffs to have its tractor-trailers properly inspected, repaired and a maintained.  Defendant United

4

Global Expedited Services Inc. owed a statutory and common-law to Plaintiffs to have its driver's properly trained and in compliance with all applicable laws and regulations. Defendant United Global Expedited Services Inc. breached these duties constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Plaintiffs which form a basis of this action.

## VII. MALICE/EXEMPLARY DAMAGES

16. Plaintiff incorporates all previous paragraphs by reference. Defendants' conduct described above constitutes malice and/or gross negligence. Defendants' acts and omissions, when viewed from the standpoint of the Defendants at the time of the acts and omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference or worse with regard to the rights, safety and welfare of the Plaintiffs. Accordingly, Plaintiffs sue for exemplary damages in an amount to be determined at trial by a fair and impartial jury after hearing all of the evidence and considering all of the circumstances. Given the early stage of this action and that discovery has just begun and that all the evidence is not yet available, it is difficult to predicate the maximum amount of damages Plaintiffs will present to a jury for consideration.

## VIII. DAMAGES

17. Plaintiffs seeks all elements of damages, in the past and in the future, permitted under the law from Defendants including, but not limited to, claims for medical and/or hospitalization care, mental anguish, pain, personal injuries, torment, suffering, loss of earnings, lost earning capacity, loss of support, loss of companionship, loss of consortium, loss of household services, and all said damages in an amount that the Plaintiffs would show that they are entitled to at the time of trial. Plaintiffs also seek punitive or exemplary damages in an amount within the discretion of the jury

sufficient to deter and punish Defendants. Finally, Plaintiffs asserts a claim for costs of court and pre-judgment and post-judgment interest allowed under Texas law. Each Plaintiff's damages exceed $75,000.

## IX. JURY DEMAND

18. Plaintiffs demand that all issues of fact in this case be tried to a jury and tender herewith the appropriate fee.

## X. REQUESTED RELIEF

19. For these reasons, Plaintiffs requests that Defendants be cited to appear and answer herein and that after trial, Plaintiff recover the following:

    a. actual damages against Defendants;

    b. exemplary damages in an amount to be determined by the trier of fact;

    c. pre- and post-judgment interest at the maximum rate allowable by law;

    d. court costs; and

    e. all other relief the Court deems appropriate.

Respectfully submitted,

/s/ Hector G. Longoria

**HECTOR G. LONGORIA**
Texas State Bar No. 00794185
Email: hlongoria@heardrobins.com
**HEARD ROBINS & CLOUD LLP**
2000 West Loop South, Suite 2200
Houston, Texas 77027
Telephone: (713) 650-1200
Facsimile: (713) 650-1400

/s/ *M. Dru Montgomery*

6

> M. Dru Montgomery
> Texas State Bar No. 24010800
> E-mail: dru@heartfieldlawfirm.com
> J. Thad Heartfield
> Texas State Bar No. 09346800
> E-mail: thad@heartfieldlawfirm.com
> THE HEARTFIELD LAW FIRM
> 2195 Dowlen Road
> Beaumont, Texas 77706
> (409) 866-3318 (Telephone)
> (409) 866-5789 (Facsimile)
>
> *Attorney for Plaintiffs, Jesus Cervantes Garza and Jose Cervantes Garza*
>
> **ATTORNEYS FOR PLAINTIFFS**